UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAST STOP DELI GROCERY CORP.,

Plaintiff,

-v-

UNITED STATES OF AMERICA, et al.

Defendants.

26-cv-9050 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Joseph A. Bahgat filed this action on behalf of plaintiff Last Stop Deli Grocery Corp. against the United States of America and United States Department of Agriculture, Food and Nutrition Administration on October 14, 2026. Bahgat is not an admitted attorney in this Court and did not seek pro hac vice admission in this case, as is required by this Court's local rules. This is not an isolated incident but consistent with Bahgat's multi-year practice of ignoring repeated warnings by courts in the Southern and Eastern District's of New York that Bahgat must seek pro hac vice admission when filing a complaint. In light of that history, the Court will sua sponte dismiss this case with prejudice.

## I. Legal Background

Federal Rule of Civil Procedure 41(b) provides that "[if] the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte." LeSane v. Hall's

Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (emphasis original); see also Hall v. Oriska Corp General Contracting, 2022 U.S. App. LEXIS 33520, *5 (2d Cir. 2022) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 172-73 (1989), Costello v. United States, 365 U.S. 265, 286-87 (1961)).

District Court's "may adopt and amend rules governing its practice." Fed. R. Civ. P. 83(a)(1). Pursuant to the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, an attorney that is not admitted to practice in the Southern District of New York "may be permitted to argue or try a particular case" by (1) "requesting pro hac vice electronic filing privileges through the PACER website" and then (2) "electronically fil[ing] a motion for admission pro hac vice on the court's ECF system and pay[ing] the required fee." Local Civ. R. 1.3(j). The motion for admission pro hac vice must include "a certificate of the court for each of the states in which the applicant is a member of the bar that has been issued within 30 days of filing and states that the applicant is a member in good standing of the bar of that state court." Local Civ. R. 1.3(k).

## II. Factual Background

Bahgat's practice of submitting filings without moving for pro hac vice admission in dozens of cases in the Southern and Eastern District Courts of New York is well documented in Judge Chen's memorandum order denying Bahgat's motion for reconsideration in Ave. V Gourmet Deli Corp. v. United States of America, et al., No. 26-cv-

1233, Dkt. 15 (E.D.N.Y. Sept. 25, 2026) ("Judge Chen Memorandum Order"). A brief overview of the relevant facts is, however, warranted.

First, as of September 25, 2026, Bahgat failed to file for pro hac vice admission in approximately twenty cases in the Eastern District of New York, "despite submitting filings, executing stipulations, and obtaining settlements" in those cases. Id. at 2-3.

Second, although there are at least thirteen cases in which Bahgat filed for pro hac vice admission only after being directed to do so by the court, Judge Chen found only two cases in the Eastern District of New York in which Bahgat filed for pro hac vice admission without being directed to do so by the court. See Id. at 4-6.

Third, there are at least three cases in the Southern District of New York in which Bahgat obtained dismissals pursuant to stipulations he signed despite never filing a pro hac vice motion, and thus not in fact being eligible to practice before the court. See Bailey Gourmet Deli Inc. v. United States, No. 26-CV-1525 (AT), Dkt. 10 (S.D.N.Y. Mar. 20, 2026); Moses Deli Grocery Inc. v. United States, No. 26-CV-1533 (CM), DKt. 8 (S.D.N.Y. Mar. 26, 2026); Chelsea Deli & Cafe Inc. v. United States, No. 26-CV-1527 (JMF), Dkt. 7 (S.D.N.Y Apr. 2, 2026).

Fourth, Bahgat's consistent practice of flaunting the local rules governing pro hac vice admission has persisted despite repeated district court orders explaining the relevant rules to Bahgat. Indeed, Bahgat has filed at least five new cases in the Southern District of New York alone since August 10, 2026, including this case, and has not

sought pro hac vice admission in any of those cases. See Metro North Market Deli Inc. v. United States, No. 26-cv-06791-MKV; Moes 1 Quick Deli Inc. v. United States, No. 26-cv-08204-VM; Santiago Grocery Store Corp. v. United States, No. 26-cv-08205-NRB-JW; Sam 4 Deli Grocery v. United States, No. 26-cv-09053-JAV-SDA.

Based on this factual background, and Bahgat's failure to apply for pro hac vice admission despite numerous orders requiring him to do so, Judge Chen issued a show cause order as to why Bahgat should not be sanctioned. Judge Chen Memorandum Order at 24-27. In a letter response, Bahgat disputed that his failure to comply with the Local Rules reflected any dishonest intent "to flout the district's rules." Ave. V Gourmet Deli Corp. v. United States of America, et al., No. 26-cv-1233, Dkt. 16 at *1 (E.D.N.Y. Oct. 9, 2026) ("Bahgat Letter"). Among many other purported explanations and excuses, Bahgat asserted that "[s]ince April 2026, I have changed my practice in newly initiated cases by submitting admission papers either with the complaint or soon thereafter, or requesting additional time when a necessary current certificate was unavailable." Id. at *2.

Bahgat's assertion in a letter to a court is blatantly false because it is belied by each of the Southern District of New York cases cited in the paragraph above, filed after April 2026, in which Bahgat has not filed a pro hac vice motion or requested additional time to do so. As Judge Chen's show cause order reminded Bahgat, Federal Rule of Civil Procedure 11 provides that "[b]y presenting to the court a . . . paper -- whether by signing, filing, submitting, or

later advocating it – an attorney . . . certifies that to the best of [his] knowledge, information, and belief . . . the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). Bahgat's assertion that he has "changed [his] practice" to submitting admission papers or a request for additional time is false in light of the numerous cases cited above.

**III. Analysis and Conclusion**

There is, by now, absolutely no excuse whatsoever for Bahgat's continued failure to comply with the Local Civil Rules governing pro hac vice admissions. Indeed, at this point the only plausible conclusion is that Bahgat is knowingly flaunting the Local Civil Rules. FRCP 41(b) explicitly permits dismissal of a case where a party fails to comply with the applicable rules and court orders. That is the case here and thus the Clerk of Court is respectfully directed to dismiss this case with prejudice and enter final judgment.

SO ORDERED.

New York, New York
~~October~~ 11/2/2026

JED S. RAKOFF, U.S.D.J.